Coös,  }
Nov. 4, 1919. }

## Peter LaChance v. Berlin Street Railway.

The proprietors of an electric railway, who pursuant to P. S., c. 160, s. 29; Laws 1907, c. 24, s. 2, have procured the appointment of their conductor as a police officer, are liable for his illegal acts in the exercise, in their business, of the public authority with which they have caused him to be invested.

Where a conductor so appointed has, without making a complaint, ordered a police officer of a town to arrest a passenger for non-payment of fare, and the officer acting solely on such order arrests him, an issue whether the conductor in giving the order acted as the railway's conductor or as a police officer is immaterial; for it was part of his duty as the railway's servant to exercise his public duty when necessary.

In such case, a finding that the passenger was not guilty of fraudulently attempting to evade payment does not establish that such arrest by the conductor was illegal; a reasonable ground for the conductor's belief that evasion was attempted is a justification.

Trespass, for false imprisonment. Plea in justification that the plaintiff was arrested for attempting to evade payment of fare upon the defendants' railway. Trial by jury and verdict for the plaintiff.

The plaintiff was a passenger upon the defendants' railway and refused to pay fare when demanded, claiming that, by the starting of the car before he had opportunity to leave it, he had been prevented from leaving the car at the place to which he had paid. As to the foundation of this claim there was conflict in the evidence. When the end of the line was reached in Gorham, the plaintiff, persisting in his refusal to pay, was ordered to leave the car by the defendants' conductor, Spiller, who then directed one Forbush, a police officer of the town, to take the plaintiff and lock him up. Forbush did as directed, no warrant being issued. Spiller had been regularly appointed a railroad police officer. At the close of the evidence both parties moved for a verdict. The motions were denied and subject to exception the court submitted to the jury the following question: "Was Mr. Spiller when he ordered the plaintiff's arrest acting as conductor of the defendant railway or as a railroad police officer?"

Upon the finding of the jury that Spiller in ordering the plaintiff's arrest acted as a conductor of the defendants, the court ordered a verdict for the plaintiff and the defendants excepted. Transferred from the December term, 1918, of the superior court by *Marble*, J.

*Ovide J. Coulombe* (by brief and orally), for the plaintiff.

*Jesse F. Libby* (by brief and orally), for the defendants.

Parsons, C. J.   "If a person fraudulently evades or attempts to evade the payment of the established fare by giving a false answer to the collector thereof, or by traveling beyond the point to which he has paid, or by leaving the train without having paid the fare, or by any other means, he shall be fined not exceeding ten dollars for each offense."   P. S., c.. 160, s. 7.

"The selectmen of a town, or the mayor and aldermen of a city, may . . . upon the petition of the proprietors of an electric railway running cars within such town or city appoint as many of the employees of such corporations, respectively, as they may deem proper, police officers to act as railroad police for the purposes and with the powers herein set forth."   P. S., c. 160, s. 29; Laws 1907, c. 124, s. 2.

·"Railroad police officers may preserve order within and about the premises and upon the cars of the corporation upon whose petition they were appointed; they may arrest, without a warrant, . . . all persons committing thereon any offense known to the laws of the state, and .may take the persons so arrested to the nearest police station, or other place of lawful detention in the county where the offense was committed."   P. S., c. 160, s. 32.

The defendants' answer to the plaintiff's charge of illegal arrest and detention is the contention that the arrest and detention charged against their employee was within the legal power of such employee. Spiller ·acted in the course of his employment by the defendants and in the conduct of their business.   They are liable for his illegal acts in the exercise, in their business, of the public authority which they had caused to be conferred upon him.   *Cordner* v. *Railroad,* 72 N. H. 413.   If the plaintiff was committing the offence of attempting to evade payment of his fare, Spiller by force of his appointment had authority under a literal construction of the statute to arrest him without warrant and to convey him to the nearest police station or other place of lawful detention.   His request to any officer or other person was sufficient authority for the plaintiff's detention.   P. S., c. 250, s. 5.   Spiller in the execution of his office could require suitable aid of any person.   P. S., c. 250, s. 2.   Whether, the plaintiff not objecting but submitting, Spiller's action in ordering him to leave the car amounted to an arrest is immaterial, the plaintiff's

arrest and detention by Forbush upon Spiller's order was Spiller's act and an arrest by Forbush as Spiller's assistant was an arrest by Spiller. *Krulevitz* v. *Railroad,* 143 Mass. 228, 232.

Assuming at this point that the evidence justifies an arrest, the question is whether upon the evidence the defendants can be denied the protection of the official authority with which they had caused Spiller to be invested. The evidence is that Spiller ordered the arrest. As he had legal authority to do so, the presumption is that he did it in the exercise of such authority. But the jury have found that in ordering the arrest Spiller acted as the defendants' conductor.

Assuming that the jury were instructed that they could not return the answer which they did if they found Spiller's action was founded in any part upon his official authority, the question is, the defendants having excepted to the submission of the issue, whether there is any evidence upon which it could be found that Spiller's act was solely that of a private individual. If Spiller instead of ordering the arrest had made a complaint to Forbush charging the plaintiff with evading the payment of fare and Forbush acting on his own initiative had made the arrest without a warrant, two questions would be raised, (1) whether a charge of crime not denied by the respondent constituted a view of crime so as to authorize an arrest by Forbush without a warrant, P. S., c. 250, s. 3, and if it did not, (2) whether Spiller or the defendants as his employers, complainants in such case, are liable except for malicious prosecution.

The instructions to the jury are not reported but the only ground upon which the finding could be sustained is that Spiller made a complaint to Forbush upon which Forbush upon his own responsibility arrested and detained the plaintiff. *Krulevitz* v. *Railroad, supra.*

Without discussing the sufficiency of the evidence in the case cited, there is no evidence here upon which such a finding could be made. There is no controversy in the evidence. The plaintiff, the conductor and the policeman all agree that what Spiller said was: "Take that man and lock him up." This was not a complaint but an order. Forbush did not exercise any discretion. He got his information as to the reason for the arrest from the plaintiff after it was made. Spiller's testimony upon cross-examination that he had the plaintiff arrested as a part of his duty as a servant of the railway was not an admission or evidence that he did not do so in the exercise of his authority as a police officer because it was part of his duty as the defendants' servant or conductor to exercise the au-

thority which they had had conferred upon him, when necessary in the conduct of their business. As there was no evidence Forbush made the arrest upon the complaint of Spiller, the special issue in the sense in which it appears to have been understood was improperly submitted to the jury. And in the absence of such evidence it is unnecessary to consider questions which might have been raised if evidence which would have sustained the issue had been presented.

The plaintiff contends that he was not guilty of fraudulently attempting to evade payment of his fare. A finding favorable to the plaintiff on this issue would not establish that the arrest and detention were illegal as matter of law. The statute was passed to provide an immediate remedy in a place where it would be practically impossible to secure a warrant. In authorizing a railroad police officer to arrest without a warrant persons committing upon railroad cars "any offense known to the laws of the state", the legislature must have had in mind the general authority conferred upon police officers to arrest without warrant upon view of crime. P. S., c. 250, ss. 3, 4. "The view spoken of in the statute is such a view as shows legal cause for an arrest, and reasonable ground to believe the plaintiff guilty of a criminal offence was legal cause for . . . arresting him without a warrant." *O'Connor* v. *Bucklin,* 59 N. H. 589, 591. Did Spiller believe the plaintiff was attempting to evade payment of his fare and was there reasonable ground for such belief? If these questions are answered in the affirmative, the defendants' justification is established. But the evidence is not conclusive. It is open to the interpretation that Spiller did not believe the plaintiff was guilty of a crime but was using his power merely to compel the plaintiff to pay. In this view of the facts the arrest was illegal and the defendants are liable. A jury alone can determine which inference should be drawn and the case should be submitted to them. The exceptions to the issue submitted and the verdict ordered are sustained.

*Verdict set aside: new trial.*

. All concurred.